AKRIDGE *vs.* THE WATERTOWN STEAM ENGINE COMPANY.

1. On *certiorari* it is only the answer of the justice which embodies and can identify the evidence before the jury in his court, and his answer may be excepted to and traversed; but interrogatories appended to the petition for *certiorari*, but not identified by the justice, should not be considered by the superior court.

2. While the statute (Code, §4067) declares that the judge of the superior court sustaining the *certiorari*, "may return the same to the court from which it came, with instructions," the meaning is, if he has any instructions to give. Where the case turns on mixed questions of law and facts, he should instruct on the law; but, where facts alone are involved, he should not do so.

3. The court did not abuse its discretion in sustaining the *certiorari* in this case.

April 6, 1886.

New Trial. Practice in Superior Court. *Certiorari.* Before Judge HUTCHINS. Walton Superior Court. August Term, 1885.

Reported in the decision.

W. J. NUNNALLY, for plaintiff in error

JAMES F. ROGERS, for defendan

JACKSON, Chief Justice.

The plaintiff in error was sued for balance due on a note, amounting to $26.30, that sum being interest from the date of the note at 8 per cent. He pleaded *non est factum,* alleging that the interest was to be paid from the maturity and not from the date of the note, and that the words, "with interest from date at 8 per cent.," were not in the note when he signed it, and therefore the note is not his act and deed. The jury in the justice court found for the plaintiff in error. On *certiorari* to the superior court, the case was remanded for a new trial in the justice court before another jury, and plaintiff in error excepted.

1. The first ground of error is that the court erred in considering a set of interrogatories appended to the petition for *certiorari*, but not identified by the justice of the peace. It is only the answer of the justice that embodies the evidence before the justice court, and the superior court should not have considered the interrogatories, though it is said in the bill of exceptions that they bear the ear-marks of the original questions and answers. The answer of the justice alone can identify all the evidence before the jury in his court. For this reason his answer may be excepted to and traversed. Code, §§4062, 4066.

2. It is complained again that the order which sent the case back for trial gave no directions or instructions. Unquestionably the statute does declare that the judge "may return the same to the court from which it came with in-

structions" (Code, §4067); but the meaning is, undoubtedly, if he has any to give. Where the case turns on mixed law and facts, he should instruct on law; but where facts alone are involved, he should not, because there may be additional facts on the next trial, and the judge ought not to instruct on what pertains to the jurisdiction of the jury.

3. The main question is, was the court right to order a new trial, or rather, did he abuse his discretion in doing so on the facts certified in the answer? In addition to the note itself, which has the words, " with interest from date at 8 per cent.," in the middle of it, not interlined at all, but plainly written, so far as this record shows, and with the same ink and penmanship, so far as this record shows,—in addition to this internal evidence in the note that these words were there originally, a cotemporaneous writing to the same effect, and on the back of the note or on the same paper, as this record shows, makes the same statement. It is this: " It is understood and agreed to between the parties in this note, that the maker, William Akridge, has the privilege of paying the within at or before the 15th of November with two hundred and fifty-six dollars, and interest from date at 8 per cent." And immediately following this is a receipt for $288, dated October 4th, 1881, the date of the note being 9th August, 1880, and the reduction being allowed Akridge, if he paid 15th of November, 1880.

We think that these writings, taken altogether, without considering the interrogatories which are not identified by the justice of the peace, inadvertently doubtless, are sufficient to have authorized the superior court to sustain the *certiorari* and order a new trial before another jury.

Judgment affirmed.